_____

No. 95-2014
_____

Shelly Marie Ott,                        *
                                         *
        Plaintiff - Appellee,            *
                                         *
    v.                                   *
                                         *
City of Champlin, a Minnesota            *
Municipal Corporation; Gene H.           *   Appeal from the United States
Kulander, Champlin Chief of              *   District Court for the
Police; Allen Brunns, Champlin           *   District of Minnesota.
Police Sgt.; Robert L. Penney,           *
Champlin Police Officer; Jolene          *
Sander, Champlin Police                  *
Officer,                                 *
                                         *
        Defendants - Appellants.         *

                         _____

            Submitted:  November 15, 1995

                Filed:  March 29, 1996
                         _____

Before BEAM, JOHN R. GIBSON, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

                         _____

JOHN R. GIBSON, Circuit Judge.


     We have before us the second interlocutory appeal in this case, which arises out of police officers' actions in breaking up a party at which Shelly Marie Ott was a guest.  In the first appeal we affirmed the entry of summary judgment against the plaintiffs on their federal civil rights and state tort claims because the officers were entitled to qualified and official immunity.  Greiner v. City of Champlin, 27 F.3d 1346 (8th Cir. 1994).  The district court had also entered summary judgment against Ott on her claim under the Minnesota Human Rights Act, Minn. Stat. § 363.03, subd.

4 (1991).  The officers did not claim immunity as to the Minnesota Human Rights Act claim, because they believed official immunity was not a defense to that claim under Minnesota law.  We reversed the summary judgment on the Minnesota Human Rights Act claim and remanded for trial.  Greiner, 27 F.3d at 1356.  In response to a change in Minnesota law making official immunity available as a defense to the Minnesota Human Rights Act claim, the officers filed a new summary judgment motion in the district court,[1] contending that they were entitled to official immunity on the undisputed facts and as a matter of collateral estoppel.  The district court denied the officers' motion, and we affirm.

We recited the facts of this case at length in Greiner, and need not repeat them here, since the sole remaining issue concerns only an isolated incident.  The Minnesota Human Rights Act claim is based on the allegation that police Sergeant Allen Bruns, after subduing and handcuffing Shelly Marie Ott, left her kneeling on the floor of the garage with her shirt pulled up over her head, exposing her in a brassiere.  When Ott asked that her shirt be put back in place, Bruns reportedly refused to do so, saying, "Hey, we are all women here."  Another officer came and put Ott's shirt back in place.

In the suit as originally filed, Ott, as well as other plaintiffs whose claims have been dismissed, alleged state-law claims of trespass, assault, battery, false arrest, and intentional infliction of emotional distress.  Greiner, 27 F.3d at 1355.  The officers raised the official immunity defense to the common-law tort claims.  The plaintiffs sought to defeat official immunity by pointing to four acts that they contended showed malice; one of these acts was Bruns' refusal to put Ott's shirt back in place.  We concluded that this allegation did not establish a prima facie case

---

[1]The Honorable Michael J. Davis, United States District Judge for the District of Minnesota.

of malice, stating:

> As for Bruns' alleged comment, which he denies, it is evident that it does not have bearing on any claim of trespass, assault, battery, or false arrest. The closer question is whether it tends to show malice with reference to intentional infliction of emotional distress. Bruns' conduct must be considered in two respects. We have already commented that the action in pulling Ott's tee-shirt over her head occurred during the free-for-all and her resistance of arrest. This was the extent of the district court's ruling, and we conclude there was no error. It was only after she had been handcuffed and placed on her knees in the garage that she made the request to Bruns that her shirt be put back in place, and he allegedly made the comment. We believe this to be a close issue, but in light of the emotional nature of the extended period of events that preceded it, we cannot conclude that it can be said to show malice.

Id. at 1355.

However, we concluded that the allegation about the shirt was sufficient to establish a prima facie case under the Minnesota Human Rights Act:

> The facts were clear that Ott was handcuffed and placed in the garage on her knees. As soon as she was handcuffed, which she says was in the house, she asked Bruns to pull her shirt down, and he made the statement, "We are all women here". She was upset and felt humiliated. There was a conflict in testimony as to how long a time elapsed between her request that her shirt be put into place, and the time that Officer Nozzarella put it back in place. While the issue is far from clear, and much affected by issues of credibility that may not be resolved on summary judgment (such as Ott's admission that she was between sober and drunk, and had drunk at least six or eight beers), we conclude that her treatment in this respect was so different from what could be expected as to give rise to an inference of gender discrimination. We conclude that it is a jury issue whether the delay in putting Ott's shirt back into place after she had been handcuffed and had requested to have her clothing rearranged makes a prima facie case of discrimination on the basis of gender, with the particular embarrassment and humiliation that would be

expected to result to women from such treatment.

Id. at 1356.  We remanded on this claim.

On remand the officers argued that the defense of official immunity had become available in claims under the Minnesota Human Rights Act, see State by Beaulieu v. City of Mounds View, 518 N.W.2d 567 (Minn. 1994), and that they were entitled to summary judgment on that claim.  The officers argued that the issue of official immunity for the shirt incident was decided in Greiner and was therefore subject to issue preclusion.[2]  Even if it was not precluded, the officers argued that the facts entitled them to summary judgment on the ground of official immunity.

The district court denied the summary judgment motion, reasoning that the applicability of official immunity in the context of the Minnesota Human Rights Act claim was not litigated in Greiner.  The court also held that there were genuine issues of fact as to whether Bruns' act would be protected by official immunity.  Specifically, the court held that there was a factual issue as to the amount of time that elapsed between Bruns' act of handcuffing and Ott's request to replace her shirt, so that it was unclear whether the request occurred in the context of the struggle to arrest Ott or should be considered a discrete event.

The officers renew their issue preclusion and official immunity arguments on appeal.  The officers argue that once there was a finding of official immunity with regard to an act, the finding must necessarily be the same for any cause of action based on the same facts.  They argue that official immunity is based on determinations of whether the defendant's acts were discretionary or ministerial and whether or not they were malicious.  They

_____

[2]Though the officers argue issue preclusion, their argument is more properly characterized as law of the case.

-4-

contend that these determinations do not vary according to the type of legal right the acts are alleged to have violated.

Our reading of Minnesota law answers the officers' argument. In State by Beaulieu v. City of Mounds View, the Minnesota Supreme Court reiterated the definition of "malicious wrong" as one in which the "official has intentionally committed an act that he or she had reason to believe is prohibited." 518 N.W.2d at 571. In Beaulieu, the court analyzed whether the officers had reason to believe their acts were prohibited by asking if those acts were obvious violations of the statutory right sued under, which was the Minnesota Human Rights Act:

> Defendants are entitled to summary judgment on the basis of official immunity if there are no genuine issues of material fact tending to show defendants' felony stop of the Agunbiades constituted a willful or malicious violation of the Agunbiades' rights under Minn. Stat. § 363.03, subd. 4 [the Minnesota Human Rights Act].

Id. Beaulieu thus gauged maliciousness by reference to the cause of action alleged, not by some generalized standard that would apply to all causes of action alike. Accord Kalia v. St. Cloud State Univ., 539 N.W.2d 828, 832 (Minn. Ct. App. 1995) (malice exists if official "committed an act that he or she had reason to believe is prohibited by statute or the constitution"). Similarly, when we considered the issue of official immunity for the common-law torts in Greiner, we asked whether the acts alleged tended to prove knowing violations of the particular rights plaintiffs asserted:

> As for Bruns' alleged comment, which he denies, it is evident that it does not have bearing on any claim of trespass, assault, battery, or false arrest. The closer question is whether it tends to show malice with reference to intentional infliction of emotional distress.

27 F.3d at 1355.

Therefore, we have had no occasion to decide the precise question that remains in this case--whether the facts tend to show Bruns should have known he was violating Ott's rights under the Minnesota Human Rights Act. Accordingly, we reject the officers' preclusion argument.

The officers further argue that there are no genuine issues of fact material to the official immunity question. We have already pointed to factual disputes about how long a time elapsed between Ott's request that her shirt be put back in place and the time Officer Nozzarella put it back. Id. at 1356. The district court also held that there was a genuine factual dispute about how close in time Ott's request was to her arrest. The officers make factual assertions that Bruns was occupied with other duties that prevented him from replacing the shirt. The alleged comment, "We are all women here," certainly raises a jury question as to whether Bruns' failure to act was a legitimate response to competing duties or a willful act of gender discrimination. In light of these factual disputes, summary judgment would be inappropriate.

We affirm the decision of the district court.

A true copy.

        Attest:

            CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-6-